UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YI QIAO, *et al.*,<br><br>                Plaintiffs,<br><br>    v.<br><br>RONGFANG "FLORA" CHAN, *et al.*,<br><br>                Defendants. | Case No. C20-1821-RSM<br><br>ORDER GRANTING PLAINTIFFS' REQUEST TO DISPENSE WITH SECURITY UNDER RULE 65(C) |

       This matter comes before the Court on parties' supplemental briefing pursuant to this Court's Order dated December 23, 2020. Dkt. #15. The Court granted Plaintiff's Motion for a Temporary Restraining Order ("TRO") and directed parties to meet and confer and then file supplemental briefing as to the necessity of security under Rule 65(c). *Id.* at 10-12.

       Pursuant to Rule 65, a court may issue a TRO "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Rule 65(c) affords district courts discretion to determine the amount of security required, if any. *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009). The district court may therefore "dispense with the filing of a

ORDER GRANTING PLAINTIFFS' REQUEST TO DISPENSE WITH SECURITY UNDER RULE 65(C) - 1

bond when it concludes that there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id*. (internal quotations omitted).

Defendants believe a bond of $3,000 is appropriate to "cover any potential damages which might accrue with respect to Silver Plaza" during the pendency of the TRO. Dkt. #24 at 2. Defendants claim that the Silver Plaza property has "monthly operating expenses" but do not specify the amount. Defendants also argue that $3,000 is warranted, given that Plaintiffs originally sought that amount for the attachment bond in their motion for writ of attachment. *Id.*

Plaintiffs Yi Qiao, Ambleside Holdings USA, Inc. ("Ambleside") and De Xiang Holding, Ltd. request that the Court dispense with security. *Id.* at 3-4. Plaintiffs argue that Defendants' removal on the eve of the writ of attachment hearing necessitated the injunction, and that Defendants' request for another bond as a result of the removal "amounts to taxing Plaintiffs for an injunction of Defendants' own making." *Id.* at 3. Plaintiffs also argue that Defendants' removal was without merit, and that the pendency of the TRO will be short given that the remand motion is noted for consideration on January 15, 2020. *Id.* Finally, Plaintiffs contend that Defendants' arguments regarding operating expenses fail to quantify the amount of expenses, "leaving the Court with no basis to weigh the extent of any purported 'harm.'" *Id.* at 3-4.

At this time, the Court cannot find that Defendants would suffer potential damage arising from the operation of the TRO. Defendants have provided no concrete details or evidence supporting a $3,000 security, nor have they explained how monthly operating expenses at the Silver Plaza property constitute potential damages caused by operation of the TRO. On the contrary, Defendants appear to have calculated their potential damages based solely on the amount Plaintiffs sought for an attachment bond in their writ of attachment, without explaining why this amount is appropriate for the pendency of the TRO.

ORDER GRANTING PLAINTIFFS' REQUEST TO DISPENSE WITH SECURITY UNDER RULE 65(C) - 2

Having reviewed the supplemental briefing and exhibits attached thereto, the Court hereby ORDERS that no security pursuant to Federal Rule of Civil Procedure 65(c) is required of Plaintiffs.

DATED this 4th day of January, 2021.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' REQUEST TO DISPENSE WITH SECURITY UNDER RULE 65(C) - 3