UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YI QIAO, *et al.*,

                Plaintiffs,

v.

RONGFANG "FLORA" CHAN, *et al.*,

                Defendants.

Case No. C20-1821-RSM

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND

## I.    INTRODUCTION

This matter comes before the Court on Plaintiffs Yi Qiao, Ambleside Holdings USA, Inc. ("Ambleside") and De Xiang Holding, Ltd.'s Motion for Remand. Dkt. #5. Defendants oppose Plaintiffs' motion. Dkt. #26. The Court finds oral argument unnecessary to rule on the issues. Having considered Plaintiffs' Motion, Defendants' Response, the attached exhibits and remainder of the record, the Court GRANTS Plaintiffs' Motion and ORDERS the case remanded to King County Superior Court.

## II.    BACKGROUND

The Court need not set forth the full factual background given previous orders in this matter. *See* Dkt. #15. On November 30, 2020, Plaintiffs filed this action in King County Superior Court against Defendants Chan, Washington Building Supplies Inc, Premium Place L.P., Garden Ridge LLC, and Washington Hotel and Restaurant Development LLC, Silver Plaza, LLLP,

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND - 1

Washington Regional Center Management LLC, Zhongzhen (USA) Investment Limited, and Does 1-10 to recover the sums lost through Defendant Chan's alleged fraudulent activity. Dkt. #1-1. On December 2, 2020, the state court ordered Defendants to appear and show cause why writs of attachment and garnishment should not issue. Dkt. #6-1. The state court scheduled its show cause hearing for December 16, 2020. *Id.*

Before the show cause hearing, Defendants removed the action to the U.S. District Court for the Western District of Washington based on recent ownership changes to the entity defendants. Dkt. #1; *see also* Dkt. #6-3 at 4-9, 16-21. In response to the removal, Plaintiffs filed a motion titled "emergency motion for remand" claiming that Defendants' removal attempt was baseless and made solely to create delay. Dkt. #5. This Court determined that Plaintiffs' filing failed to comply with Fed. R. Civ. P. 65 and re-noted Plaintiffs' motion for January 15, 2021 pursuant to the Court's local rules. Dkt. #10. In the interim, Plaintiffs moved for a temporary restraining order ("TRO") to enjoin Defendants from disposing of their properties for the pendency of the remand motion, which this Court granted on December 23, 2020. Dkt. #15.

Because Plaintiffs filed their reply before the noting date, briefing on their motion for remand is complete and the matter is ready for the Court's consideration. LCR 7(b)(1).

## III. DISCUSSION

### A. Legal Standard

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and an amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Typically, it is presumed "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA,* 582 F.3d

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND - 2

1039, 1042 (9th Cir. 2009). A motion to remand the case based on any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. *Id.*

### B. Diversity Jurisdiction

Defendants claim federal jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Dkt. #1. Diversity jurisdiction requires diversity of citizenship between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Diversity of citizenship requires "complete diversity," meaning that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation,* 549 F.3d 1223, 1234 (9th Cir. 2008). "[D]iversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) (citing *Cheng v. Boeing Co.,* 708 F.2d 1406, 1412 (9th Cir.), *cert. denied,* 464 U.S. 1017, 104 S. Ct. 549, 78 L.Ed.2d 723 (1983). The presence of a United States citizen in such an action "does not salvage jurisdiction because diversity must be complete." *Id.* (citing *Faysound Ltd. v. United Coconut Chem., Inc.,* 878 F.2d 290, 294 (9th Cir. 1989)).

### C. Lack of Complete Diversity

Defendants advance two theories of federal diversity jurisdiction, neither of which is legally supported. First, Defendants' removal notice argues that Plaintiff Ambleside, a Washington citizen, is a "sham plaintiff," and the remaining plaintiffs—Qiao and De Xian Holding, Ltd.—are a Canadian citizen and Samoan corporation, respectively. Dkt. #1 at 3-4. Defendants also contend that the Washington-based corporate defendants are "nominal parties" and should not be considered, leaving only Defendant Chan—a Canadian citizen. *Id.* at 4-5.

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND - 3

Defendants alternatively argue that even if these corporate defendants are considered, forthcoming corporate disclosure statements will reveal that these companies are owned by various combinations of Chinese, Hong Kong, and Canadian citizens. *Id.* at 5. As the Court pointed out in its previous order, even if it accepts Defendants arguments that the Washington defendant corporations are "nominal defendants" and should not be considered, a lawsuit by foreign plaintiffs against foreign defendants does not meet the "complete diversity" requirement. *Nike, Inc.*, 20 F.3d at 991; *see also* Dkt. #15 at 5. Consequently, Defendants' basis for removal as stated in their removal notice fails as a matter of law.

In their Response, Defendants amend their theory of removal by abandoning their claim that Ambleside is a sham plaintiff. *See* Dkt. #26 at 6 ("Defendants would concede that if both Plaintiff Ambleside *and* the corporate Defendants were all treated as nominal, then the case would involve *solely* alien plaintiffs suing an alien defendant, thus vitiating diversity jurisdiction."). Under their revised theory, Defendants argue that this matter concerns an alien individual (Qiao), an alien corporation (De Xiang) and a domestic corporation (Ambleside) suing an alien individual (Chan). *Id.* Defendants argue that "the presence of aliens on even *both* sides of a case" does not defeat complete diversity. *Id.* at 3-4 (emphasis in original). Defendants rely on a case from the Northern District of Georgia, *Samincorp, Inc. v. Southwire Co., Inc.*, which found that "[t]he statute [28 U.S.C. § 1332(a)] does not provide that diversity is destroyed if citizens of foreign states are both plaintiffs and defendants . . . 'the language of Section 1332(a)(3) is broad enough to allow aliens to be additional parties on both sides of the dispute.'" 531 F. Supp. 1, 2 (N.D. Ga. 1980) (quoting C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure § 3604 (1975)). Under Defendants' new reasoning, complete diversity exists because Plaintiff Ambleside is a Washington corporation.

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND - 4

Again, Defendants have grossly misconstrued the law on federal diversity jurisdiction. As the *Samincorp* court stated, diversity exists under Section 1332(a) where "the controversy is between 'citizens *of different States* and in which citizens or subjects of a foreign state are additional parties.'" *Samincorp*, 531 F. Supp. at 2 (quoting 28 U.S.C. § 1332(a)) (emphasis added). Jurisdiction would therefore exist if a New Yorker sued a Californian, notwithstanding alien parties on both sides of the dispute "assuming, of course, *that there was a legitimate dispute between the two Americans*." *Id.* (emphasis added) (internal quotations omitted). The Ninth Circuit in *Nike* reached the same conclusion that complete diversity exists in cases with aliens on both sides of the litigation, provided that there are "citizens of [the] United States *on both sides* who satisfy diversity requirements." *Nike, Inc.*, 20 F.3d at 991 (emphasis added). Here, Defendants identify only one U.S. citizen in this dispute: Plaintiff Ambleside. The remaining parties, under Defendant's theory of removal, are all alien individuals or entities. Because there is no citizen defendant to create complete diversity with Plaintiff Ambleside, Defendants' theory of diversity jurisdiction fails as a matter of law.

For these reasons, the Court finds no proper basis for federal diversity jurisdiction. Accordingly, remand is warranted.

**D. Costs and Fees**

Plaintiffs request costs and fees under 28 U.S.C. § 1447(c). Dkt. #5 at 8. Under 28 U.S.C. §1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding fees turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Courts may award attorney's fees under 28 U.S.C. §1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Id.*

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND - 5

The Court has reviewed the Complaint, the Notice of Removal, and the briefing of the parties, and concludes that Defendants did not have an objectively reasonable basis for removal. The complaint is solely a state law action between non-diverse parties, yet Defendants attempted—unsuccessfully—to create diversity jurisdiction through changes of ownership among the Defendant entities. Defendants also contend that Plaintiffs "were afforded an opportunity to stipulate to remand" on January 8, 2021. Dkt. #27 at ¶ 5. Defendants' offer to stipulate to a remand, which occurred only after the Court identified the deficiencies in Defendants' removal notice, is irrelevant to the question of whether Defendants lacked an objectively reasonable basis for seeking removal in the first instance.

For these reasons, Plaintiffs are entitled to an award of fees and costs associated with Defendants' removal.

### IV.   CONCLUSION

The Court, having considered Plaintiffs' Motion, the declarations and exhibits in support thereof, and the remainder of the record, hereby finds and ORDERS:

(1) Plaintiffs' Motion for Remand, Dkt. #5, is GRANTED. This case is hereby REMANDED to the Superior Court of Washington State for King County.

(2) Plaintiffs are entitled to an award of fees and costs associated with bringing this Motion. Plaintiffs shall file a supplemental motion in this Court requesting such relief no later than **twenty-one (21) days** from the date of this Order.

DATED this 15th day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND - 6