UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YI QIAO, *et al.*,<br><br>                          Plaintiffs,<br><br>     v.<br><br>RONGFANG "FLORA" CHAN, *et al.*,<br><br>                          Defendants. | Case No. C20-1821-RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART PARTIES' STIPULATED MOTION |

This matter comes before the Court on parties' stipulated motion for attorney's fees. Dkt. #32. On December 23, 2020, the Court granted Plaintiffs' motion for a temporary restraining order ("TRO") to enjoin and restrain Defendants from selling, transferring, encumbering, or otherwise altering their interest in certain properties. Dkt. #15. The TRO "remain[ed] in effect until resolution of Plaintiffs' pending motion for remand . . . or as otherwise directed by the Court." *Id.* at 12.

On January 15, 2021, the Court granted Plaintiffs' motion for remand and remanded the action to King County Superior Court. Dkt. #30. The Court determined that Plaintiffs were entitled to an award of fees and costs associated with bringing the motion and ordered Plaintiffs to file a supplemental motion requesting such relief. *Id.* at 6.

ORDER GRANTING IN PART AND DENYING IN PART PARTIES' STIPULATED
MOTION - 1

To avoid further federal litigation, parties have stipulated to an award of $13,000 that Defendants shall pay by February 1, 2021 to a bank account designated by Plaintiffs. Dkt. #32 at 2. The Court GRANTS parties' stipulated motion as to the $13,000 fee award.

In addition to the stipulated award of attorney's fees and costs, parties also request that the Court extend the TRO enjoining Defendants from selling, transferring, encumbering, or otherwise altering their interest in the properties until King County Superior Court grants or denies Plaintiffs' pending motion for writ of attachment ("Writ Motion"). *Id.* (Noting that Writ Motion is scheduled for hearing on February 12, 2021). Parties' proposed order requests that this Court "retain jurisdiction over any disputes arising out of or relating to the Stipulation." Dkt. #32-1 at 2.

The Court remanded this case on January 15, 2021, thereby terminating its jurisdiction over the merits of this action. Unlike the issue of attorney's fees, where "it is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits," parties have provided no authority for this Court's continued exercise of jurisdiction over the merits of this case following remand. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992). Accordingly, the Court DENIES parties' request that the Court extend the TRO and continue to exercise jurisdiction over its enforcement.

## CONCLUSION

Having reviewed the Stipulation, and finding good cause, the Court hereby GRANTS IN PART the Stipulated Order. It is ORDERED that Defendants shall pay $13,000 by February 1, 2021 to a bank account designated by the Plaintiffs.

The remainder of parties' stipulated motion is DENIED.

ORDER GRANTING IN PART AND DENYING IN PART PARTIES' STIPULATED MOTION - 2

DATED this 28th day of January, 2021.

　　　　　　　　　　　　　　　　　　　RICARDO S. MARTINEZ
　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART AND DENYING IN PART PARTIES' STIPULATED MOTION - 3